IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>GERONIMO PIZARRO-CALDERON,<br>Defendant. | Criminal No.: 99-077 (JAF) |

### DEFENDANT GERONIMO PIZARRO-CALDERON'S MOTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE TERM

The defendant, Geronimo Pizarro-Calderón, proceeding pro-se, respectfully files this motion and incorporated memorandum of law, pursuant to *Title 18 United States Code, Section 3553 (e)(1)*, to request the early termination of remaining portion of his supervised release term. The defendant meets the statutory minimum requirements for this request and early termination would serve the ends of justice in this case.

On March 24, 1999, a federal grand jury sitting in this district returned multi count indictment that charged Mr. Pizarro-Calderón and several other persons with possessing with the intent to distribute controlled substances in violation of 21 United States Code, Section 846 and 841 (a)(1). (Dkt. # 1). After plea negotiations ensued between Mr. Pizarro-Calderón and the United States, Mr. Pizarro-Calderón entered a plea of guilty to several Counts of the indictment. (Dkt. # 418). The sentencing hearing took place on September 11, 2000. This Court sentenced Mr. Pizarro-Calderón to a 72-month term of imprisonment to be followed by a 4-year term of supervised release. (Dkt. # 499, 502).

*Motion to Terminate ...*
*United States v. Pizarro-Calderón*

On May 2004, Mr. Pizarro-Calderón was released from the Hogar Crea Halfway House after completing a three-month placement in this community-based treatment program. Mr. Pizarro-Calderón began to serve the four (4) year term of supervision imposed under this court's judgment. As of the date of this motion, Mr. Pizarro-Calderón has thus served more than thirty-one (31) months of his four-year supervision term.

BASIS FOR THE INSTANT MOTION.

*Title 18 United States Code, Section 3583 (e)(1)(1988)*, expressly provides this court with the authority to terminate a period of supervised release. Said section states in pertinent part that:

> [t]he court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6) --
>
> **(1) terminate a period of supervised release and discharge the person released at any time after the expiration of one year of supervised release**, pursuant to the provisions of the Federal Rule of Criminal Procedure relating to the modification of Probation, **if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice.**

*Id., (emphasis added); see also United States v. Joseph, 109 F.3d 34, 39 n. 5 (1st Cir. 1997)*(Under § 3583 (e), a court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice ... ") *United States v. Spinelle, 835 F.Supp. 987, 992 (E.D. Mich. 1992)*("A plain reading of section 3583 (e)(1) gives me the authority to terminate [a] term of supervised release.").

As explained in *Joseph,* the twofold requirements under *section 3583 (e)(1)* are that the defendant first serve a minimum one year portion of his supervised release, and that this court is satisfied that the conduct of a defendant would warrant such an action. Mr. Pizarro-Calderón has

*Motion to Terminate ...*
*United States v. Pizarro-Calderón*

served the requisite one year portion of his supervision and when considering his exemplary conduct, and the factors listed in *Section 3553*, it surfaces that early termination of his supervised release would serve the ends of justice. In addition, Court's have not hesitated in vacating terms of supervision where, as here, a defendant has served a substantial portion of their supervision period. *See United States v. Michaels, 2001 U.S. Dist. LEXIS 19115 (E.D.P.A 2001)(two and one half years of supervision); United States v. Landry, 1999 U.S. Dist. LEXIS 12742 (D. Louisiana 1999)(one year supervision); United States v. Arms, 2006 U.S. Dist. LEXIS 26720 (D. Utah 2006)(29-months of three year period); United States v. Scott, 362 F. Supp 2d 982 (N.D. Ill. 2005)(fully compliant for 3-years); United States v. Rulf-Michel, 200 U.S. Dist. LEXIS 38116 (D. Conn. 2005)(21-months of supervision).*

Mr. Pizarro-Calderón plead guilty and thereby accepted full responsibility for the serious nature of his crime. He served his prison term, completed a three-month placement in a community corrections center, and has served over 31-months of his 48-month term of supervision. Mr. Pizarro-Calderón does not owe any fine and/or restitution. He was never alleged to be a critical player in any drug distribution organization. Since his release from confinement, Mr. Pizarro-Calderón has remained incident-free and a law-abiding citizen.[1] Mr. Pizarro-Calderón has also remained steadily employed as a painter in an Industrial Construction Company.

Mr. Pizarro-Calderón has also displayed genuine rehabilitative efforts by religiously

---

[1] This is supported by the fact that the record in this case shows that the Probation Office has not filed any unfavorable reports with this Honorable Court. Under *Section 7B1.2* of the United States Sentencing Guidelines, the Probation Office is obliged to notify the court of *any Grade A or B* violations to the terms of Mr. Pizarro-Calderón's supervision.

*Motion to Terminate ...*
*United States v. Pizarro-Calderón*

following all the directives imposed by his supervising Probation Officer. The fact that Mr. Pizarro-Calderón currently reports on an "as need basis" with intervals of over three (3) months, is a determinative indication that he is not considered to be in need of any further monitoring.

In sum, we respectfully submit that the deterrent value of this case and the objectives of sentencing have been fully realized and that Mr. Pizarro-Calderón has onerously paid his debt to society. Based on all this, the interests of justice will be best served by terminating the remaining 17-month portion of Mr. Pizarro-Calderón's supervised release term.

**WHEREFORE,** it is very respectfully prayed that this Honorable Court enters an order granting Mr. Pizarro-Calderón's request for the early termination of his supervised release term.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this the 5th day of December 2006.

GERONIMO PIZARRO-CALDERON
Calle Guadalajara X-11-29
Urbanización Vista Mar
Carolina, P.R. 00983

### CERTIFICATE OF SERVICE

I, **GERONIMO PIZARRO-CALDERON**, do hereby certify that on this same date, one copy of the foregoing document was deposited into the United States Mail, with proper postage affixed, addressed to: UNITED STATES ATTORNEY'S OFFICE, District of Puerto Rico, Tórre Chardón, Suite 1201, Carlos Chardón Avenue, Hato Rey, Puerto Rico 00918.

In San Juan, Puerto Rico, this 5th day of December 2006.

GERONIMO PIZARRO-CALDERON